UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G.S., <br><br> Plaintiff, <br><br> v. <br><br> QUEST DIAGNOSTICS CLINICAL LABORATORIES, INC., <br><br> Defendant. | Case No. 3:22-cv-03638-TLT   (KAW) <br><br> **ORDER REGARDING 5/8/24 JOINT DISCOVERY LETTER RE PLAINTIFF'S RULE 35 MENTAL EXAMINATION** <br><br> [Discovery Letter No. 3] <br><br> Re: Dkt. No. 54 |

On May 8, 2024, the parties filed a joint discovery letter concerning Defendant's request to take Plaintiff's mental examination pursuant to Federal Rule of Civil Procedure 35. (Joint Letter, Dkt. No. 54.)

On May 16, 2024, the Court held a hearing, and having considered the joint letter and relevant legal authority, GRANTS Defendant's request for a Rule 35 mental examination as limited below.

## I. BACKGROUND

Plaintiff G.S. alleges that she was sexually assaulted by one of Defendant Quest Diagnostic Clinical Laboratories, Inc.'s phlebotomists on two occasions while visiting a Quest patient service center in Marina, California. As a result, Plaintiff claims to have suffered mental trauma and severe emotional distress. Plaintiff disclosed her claimed severe emotional distress in both her complaint and October 2022 initial disclosures; the latter of which stated that she sought compensatory damages "of at least $500,000." (Joint Letter, Ex. B.)

In the original scheduling order, the presiding judge set a deadline of September 25, 2023 to complete both fact and expert discovery. (Dkt. No. 28.) Thereafter, the fact discovery deadline was extended on multiple occasions, and ultimately to May 3, 2024, but the expert discovery

1  deadline was not.  As a result, expert discovery closed on September 25, 2023, and neither party
2  disclosed experts nor exchanged reports by the June 30, 2023 expert disclosure deadline. (Joint
3  Letter at 2.)

4  Defendant first raised the possibility of having Plaintiff submit to a Rule 35 mental
5  examination on January 25, 2024. (Joint Letter at 2.)  On March 4, 2024, Defendant sent a letter to
6  Plaintiff that proposed that Dr. Marc Cohen serve as the examiner, but, contrary to defense
7  counsel's representation at the hearing, it did not include the time, place, and manner information
8  required by Rule 35(a)(2)(B). (*See* 3/4/24 Letter, Dkt. No. 58.)  The parties met and conferred in
9  April and May 2024 regarding the proposed examination.

10  On May 8, 2024, after being unable to reach an agreement, the parties filed the instant joint
11  letter.  The Court held a hearing on May 16, 2024, after which, at the Court's request, Defendant
12  filed a copy of the March 4, 2024 meet and confer letter it sent to Plaintiff regarding the proposed
13  examination. (3/4/24 Letter, Dkt. No. 58.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 35 permits the court to order the physical or mental examination whenever a case is "pending." Fed. R. Civ. P. 35(a)(1).  It does not otherwise set forth when a demand for an independent medical examination ("IME") must be made.

A party seeking to compel a psychiatric evaluation of an opposing party bears the burden of affirmatively showing that the adverse party's mental condition is in controversy and that there is good cause for the examination. *See* Fed. R. Civ. Proc. 35(a); *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (stating that these two requirements-in controversy and good cause cannot be met "by mere conclusory allegations of the pleadings-nor by mere relevance to the case-but require an affirmative showing by the movant...."). "Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." *Schlagenhauf*, 379 U.S. at 121.  Even so, Rule 35 is to be liberally construed. *See Schlagenhauf*, 379 U.S. at 114–15 (stating generally that discovery rules should be "accorded a broad and liberal treatment"); *Simpson v. Univ. Of Colorado*, 220 F.R.D. 354, 362 (D. Colo. 2004) ("While Rule 35 should be construed liberally in favor of granting discovery, its application is left to the sound

1  discretion of the court.").

## III.   DISCUSSION

There is no dispute that Plaintiff has put her mental condition in controversy. The dispute is the second requirement, which is whether Defendant has shown good cause for the examination under Rule 35(a)(2)(A).

### A.   Good cause

The factors courts typically consider in determining good cause include: "the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." *Franco v. Boston Scientific Corp.*, 2006 WL 3065580, at *1 (N.D. Cal. Oct. 27, 2006); *see also Impey v. Office Depot, Inc.*, No. 09-cv-01973-EDL, 2010 WL 2985071, at *21 (N.D. Cal. July 27, 2010) (quoting *Franco,* 2006 WL 3065580, at *1). While Plaintiff has not designated an expert witness, she is claiming ongoing emotional distress. Furthermore, Defendant argues that the good cause requirement is met because she claims ongoing emotional distress, and the information is not available through other means, because Plaintiff alleges to have previously suffered from a prior sexual assault, rendering a mental examination "necessary to understand and obtain information about potential other causes of the mental injuries that Plaintiff claims to suffer." (Joint Letter at 5-6.)

While the Court finds that Defendant meets the requirements for good cause as a technical matter, its delay in raising the demand until January 2024, despite prior stipulations to extend the fact discovery deadline being silent as to any Rule 35 exam, could be found to be tantamount to acting in bad faith. Regardless, the Court declines to make a bad faith finding, and finds that good cause exists to permit the Rule 35 examination.

### B.   Prejudice

Although not explicitly part of the good cause analysis, courts tend to consider prejudice to the plaintiff when ordering them to undergo IME. *See Impey,* 2010 WL 2985071, at *21. One way to reduce prejudice is to extend discovery deadlines to accommodate the IME and the deposition of the examiner. *See id.* At the hearing, Defendant agreed to make the examiner available for

3

deposition after the close of fact discovery. The Court finds that this will reduce some prejudice and is appropriate under the circumstances.

The Court notes that Plaintiff would be subject to extreme prejudice if the presiding judge ultimately permits the examiner to testify at trial, because the IME was sought long after the close of expert discovery, and neither party timely disclosed experts. This potential prejudice, however, is not sufficient to preclude the examination, as Rule 35 does not require that the examining physician testify or even serve as a designated expert.

### C. Exam Administration

#### i. Choice of Examiner

Without citing legal authority, Plaintiff objects to Defendant's selection of Dr. Marc Cohen as the examiner. (Joint Letter at 3.) "Although the Court is not required to accept defendants' proposed examiner as the examining psychologist, only if plaintiff raises a valid objection will the Court appoint a different examiner." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995)(citation omitted).

Here, Plaintiff argues that, if ordered, the examination should be conducted by a doctor who can speak Spanish and is, preferably, a woman. (Joint Letter at 3.) As an initial matter, Plaintiff is not entitled to a female examiner. To the extent that Plaintiff requires Spanish language services, while the use of an examiner fluent in Spanish may be preferable, *see, e.g., Silva v. Mercado Food Enter., Inc.*, No. 1:10-cv-02368-AWI, 2012 WL 174926, at *3 (E.D. Cal. Jan. 20, 2012), the use of certified interpreters is generally acceptable. *See Ayat v. Societe Air France,* No. 06-cv-1574-JSW-JL, 2007 WL 1120358, at *7 (N.D. Cal. Apr. 16, 2007) (neutral, court-certified Arabic interpreter permitted); *see also Sosa v. M/Y Nice Try,* No. 10CV280-JAH (BLM), 2011 WL 13152493, at *6 (S.D. Cal. Sept. 16, 2011) (defendant's certified Spanish to English translator acceptable).

Thus, Plaintiff's objection to Dr. Cohen conducting the examination is invalid and is overruled. The Court, however, requires that the Spanish interpreter be certified and from a neutral agency.

//

      **ii.    Recording of the Examination**

While not clearly addressed in the letter, Defendant's proposal includes that it will be video- and audio-recorded, but Plaintiff objects to the recording. (Joint Letter at 4, Ex. E.)  Courts generally disfavor recording examinations "for fear of invalidating testing results and failing to provide a 'level playing field,' as plaintiff is not required to record [their] own examinations with [their] own health care providers." *Ashley v. City & Cnty. of San Francisco*, No. 12-cv-00045-JST KAW, 2013 WL 2386655, at *4 (N.D. Cal. May 30, 2013) (quoting *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993)).

Defendant has not explained why it wishes to record the examination, other than the proposal mentioning that Plaintiff's deposition was also recorded. (*See* Joint Letter, Ex. E.)  This is not a sufficient reason, so the Court limits the scope of the examination by prohibiting its recordation by any means.

      **iii.    Scope of examination**

The Court declines to address the tests to be performed and, instead, defers to the examiner's professional judgment.

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's request to have Dr. Cohen perform a Rule 35 mental examination, subject to the limitations above, including that it will not be recorded and that a neutral, certified interpreter be utilized.  Defendant shall make Dr. Cohen's report available to Plaintiff as soon as it is received and shall make him available for deposition as soon as practicable.

The parties shall meet and confer within 7 days regarding scheduling Plaintiff's examination, including the date, time, and location thereof.

IT IS SO ORDERED.

Dated: May 21, 2024

                                                                          KANDIS A. WESTMORE
                                                                          United States Magistrate Judge